(October 16, 1989)

■ GAIL BROUSAL, Respondent, v ROBERT SCHMUKLER, Appellant.—In an action to enforce a stipulation of settlement incorporated in a judgment of divorce, the defendant appeals from stated portions of an amended order of the Supreme Court, Kings County (Rigler, J.), dated June 29, 1988, which, *inter alia,* denied his cross motion to vacate that portion of the stipulation of settlement which provides for the conveyance of his interest in the marital residence.

Ordered that the amended order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Rigler at the Supreme Court in his memorandum decision dated May 26, 1988.

We would continue beyond the Supreme Court's decision only to the extent of addressing an issue raised by the defendant for the first time after the court issued the amended order appealed from, as to whether the plaintiff's option to purchase the defendant's interest in the former marital residence violated the rule against perpetuities. Since the prohibition against the indefinite suspension of the alienation of real property is a matter of State public policy, a claimed violation may be raised for the first time on appeal either by a party or

by the court on its own motion *(cf., Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68, 72). However, we reject the defendant's contention. Review of the stipulation incorporated in the judgment of divorce demonstrates that the plaintiff's option was intended to be exercised within a reasonable time after the defendant's option period expired, and within the plaintiff's lifetime. Thus, the duration of the option being measurable by a life in being, it does not violate the rule against perpetuities *(see,* EPTL 9-1.1 [b]; *cf., Buffalo Seminary v McCarthy,* 86 AD2d 435, *affd* 58 NY2d 867). Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.